136 N.J. Super. 336 (1975)
346 A.2d 107
CLIFTON TEACHERS ASSOCIATION, INC., PLAINTIFF-APPELLANT,
v.
BOARD OF EDUCATION OF CLIFTON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1975.
Decided September 29, 1975.
*337 Before Judges LYNCH, ACKERMAN and LARNER.
Mr. Theodore M. Simon argued the cause for appellant (Messrs. Goldberg & Simon, attorneys).
Mr. Sam Monchak argued the cause for respondent.
PER CURIAM.
Plaintiff, collective bargaining representative of teachers employed by the Clifton Board of Education (board), appeals from a judgment of the Chancery Division which determined that the board, pursuant to N.J.S.A. *338 18A:29-14, may condition payment of salary increments upon satisfactory service as determined by the superintendent of schools. The trial judge further held that the right to such increments is not negotiable pursuant to the provisions of the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1 et seq.
On July 1, 1973 plaintiff and the board entered into a collective bargaining agreement which was to expire on June 30, 1975. The agreement included a teachers' salary guide which provided for salary increments for each year of service up to 13 years. The guide continued in effect as written until April 17, 1974, when defendant board, unilaterally and without prior negotiations with plaintiff, adopted a resolution which, in pertinent part, read as follows:
1. No increment or increase is to be considered as automatic or mandatory. All increments or increases are to be considered earned by employees, to whom applicable, only after satisfactory service is so indicated affirmatively by the Superintendent and their adoption by the Board.
Plaintiff filed a verified complaint seeking an injunction against the enforcement of the resolution, contending that the board's action violated the provisions of N.J.S.A. 34: 13A-5.3, specifically that portion of the statute which states:
A majority representative of public employees in an appropriate unit shall be entitled to act for and to negotiate agreements covering all employees in the unit and shall be responsible for representing the interest of all such employees without discrimination and without regard to employee organization membership. Proposed new rules or modifications of existing rules governing working conditions shall be negotiated with the majority representative before they are established. In addition, the majority representative and designated representatives of the public employer shall meet at reasonable times and negotiate in good faith with respect to grievances and terms and conditions of employment. [Emphasis supplied]
By its answer defendant board maintained that the terms of its resolution are nonnegotiable by virtue of N.J.S.A. 18A: 29-14.
*339 Plaintiff contends that the board's power to withhold salary increments constitutes part of the terms and conditions of teachers' employment and thus is negotiable under N.J.S.A. 34:13A-5.3. It argues that prior decisions of the Commissioner of Education support the proposition that unless the local policy of withholding increments is plainly articulated in the adopted salary schedule, the local board must remunerate teachers according to the schedule without exception.
The right to an increment is subject to the express statutory language contained in N.J.S.A. 18A:29-14:

18A:29-14. Withholding increments; causes; notice of appeals
Any board of education may withhold, for inefficiency or other good cause, the employment increment, or the adjustment increment, or both, of any member in any year by a majority vote of all the members of the board of education. * * *.
This statute authorizes the board to withhold an increment for good cause and establishes a statutory policy which cannot be frustrated by the mere promulgation of a salary guide as part of the contract between the board and the association. The guide, as such, does not inhibit the board from exercising its power under this statute to deny an increment to a particular teacher because of "inefficiency or other good cause." The guide merely means that if good cause does not exist for denial of the increment, the quantum thereof will be paid in accordance with the figures of the guide.
It is not legally necessary for the collective bargaining agreement to contain an express reservation of the right to withhold an increment for good cause, since that is a right granted by statute and one which must be accepted as underlying every negotiated contract.
To accept plaintiff's contention would destroy the inherent right of the board to exercise its preeminent function to pass upon the quality of teacher performance  a function which is manifestly a management prerogative beyond the reach of negotiation. See Ass'n of N.J. State Col. Fac. v. *340 Dungan, 64 N.J. 338, 353-355 (1974); Kopera v. West Orange Bd. of Ed., 60 N.J. Super. 288, 298 (App. Div. 1960.)
The judgment of the Chancery Division is affirmed.