166 N.J. Super. 250 (1977)
399 A.2d 980
EDUCATION ASSOCIATION OF PASSAIC, PLAINTIFF-APPELLANT,
v.
PASSAIC BOARD OF EDUCATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 14, 1977.
Decided March 25, 1977.
*251 Before Judges BISCHOFF, MORGAN and FURMAN.
Mr. Theodore M. Simon argued the cause for appellant (Messrs Goldberg and Simon, attorneys; Mr. Louis P. Bucceri, on the brief).
Mr. Irving C. Evers argued the cause for respondent.
PER CURIAM.
Appellant association brought this action to enforce an arbitrator's award. The arbitrator determined a grievance in favor of Daria Sawczyn, whose salary increment for the sixth year of teaching was withheld. His ruling was made applicable to several similar grievances, according, he stated, to an agreement of the parties. Respondent board granted Sawczyn's increment. The issue on appeal is the enforceability of the arbitrator's award in favor of the back-up grievants.
After a two day trial the trial judge found as a fact that there had been no agreement of the parties to submit the back-up grievances to arbitration but nevertheless reversed the arbitrator's award, based upon his conclusion that the arbitrator had misapplied the law. We disagree.
N.J.S.A. 18A:29-14 provides: "Any board of education may withhold, for inefficiency or other good cause, the employment *252 increment, or the adjustment increment, or both, of any member [defined as full-time teacher] in any year by a recorded roll call majority vote of the full membership of the board of education."
A right of appeal is established to the State Commissioner of Education but superseded by N.J.S.A. 34:13A-5.3, a subsequent enactment, as follows: "... Notwithstanding any procedures for the resolution of disputes, controversies or grievances established by any other statute, grievance procedures established by agreement between the public employer and the representative organization shall be utilized for any dispute covered by the terms of such agreement".
Grievance procedures were established in the agreement between appellant association and respondent board.
Salary increments to Sawczyn and the back-up grievants were withheld because of a board policy adopted in 1967 which required all teachers to earn five hours of professional growth credits prior to the grant of a sixth year salary increment. The trial judge viewed the so-called five credit/five year policy as a management prerogative.
Initially we comment that the arbitrator's factual finding of an agreement to submit the back-up grievances to arbitration was unchallengeable except for fraud, undue means or a mistake apparent on the face of his opinion and award. N.J.S.A. 2A:24-8; Local Union 560 v. Eazor Express, Inc., 95 N.J. Super. 219, 227-8 (App. Div. 1967); Wm. J. Burns, etc., Inc. v. N.J. Guards Union, Inc., 64 N.J. Super. 301, 312 (App. Div. 1960); Carpenter v. Bloomer, 54 N.J. Super. 157, 168 (App. Div. 1959). No such fraud, undue means or mistake is discernible in the arbitrator's opinion and award. But the trial judge reached the ultimate merits because he concluded that the arbitrator misapplied the law, despite his rejection of the arbitrator's fact finding of procedural arbitrability. We are constrained to disagree both with the trial judge's reversal of the award and with his analysis of the governing law.
*253 The trial judge relied on Clifton Teachers v. Clifton Bd. of Ed., 136 N.J. Super. 336 (App. Div. 1975), which holds that a board of education may adopt a resolution unilaterally and without negotiation, as a management prerogative, conditioning teacher salary increments upon a determination of satisfactory service by the superintendent of schools.
Clifton is distinguishable. "Satisfactory service" is the antonym of "inefficiency or other good cause" in N.J.S.A. 18A:29-14. It adds nothing to the statute. The five credit/five year policy of respondent board, conversely, imposes a standard of good cause not set forth in the statute or elsewhere. Bearing directly on terms and conditions of employment it was subject to negotiation. Bd. of Ed. of Englewood v. Englewood Teachers, 64 N.J. 1 (1973). Cf. N.J.S.A. 18A:29-7, which authorizes yearly salary increments for 12 years prior to earning a master's degree or its equivalent, but not thereafter without one. The inflexible five credit/five year policy is without consideration of health or other problem or hardship which may have interfered with the accumulation of the credits within that period. Although within the scope of negotiations, the policy defines unilaterally good cause to withhold an increment and is thus unenforceable.
The arbitrator's opinion upholds the salary guide in the agreement of January 23, 1974, which was negotiated, as against the 1967 five credit/five year policy which was not negotiated. We sustain that result. In the resolution of negotiability we exercise our appellate jurisdiction. N.J.S.A. 34:13A-5.4(d); Board of Education of the City of Plainfield v. Plainfield Education Association, 144 N.J. Super. 521 (App. Div. 1976).
Reversed and remanded for entry of judgment enforcing the arbitrator's award.