JOHN J. POLAHA, PETITIONER-APPELLANT, v. BUENA
REGIONAL SCHOOL DISTRICT,
RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted September 17, 1986—Decided October 7, 1986.

Before Judges FURMAN and SHEBELL.

*Robert M. Schwartz,* attorney for appellant.

*Capizola, Fineman & Kutner,* attorneys for respondent (*Robert J. Pryor,* on the brief).

*W. Cary Edwards,* Attorney General of New Jersey, attorney for New Jersey State Board of Education (*Ellis I. Medoway,* Deputy Attorney General, on the statement in lieu of brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

Petitioner, John Polaha, appeals from the State Board of Education's decision reversing an order of the Commissioner of

Education which reinstated appellant to his position as Community Education Director for the Buena Regional School District.

Appellant was hired by the School District in September 1979 to fill the position. As part of his duties, he directed an Adult High School Program which required a principal's certificate. This program required approximately 60 percent of his time. His remaining time was spent on the District's Community Enrichment Program. He was known as both the Director of Community Enrichment and the Principal of Adult Education although his official title was Community Education Director.

He was rehired each year until the District Board on March 8, 1983 eliminated the position and informed appellant of its action on March 11, 1983. On July 12, 1983 the District Board created a part-time position to supervise the Community Enrichment Program and reassigned certain duties of the former position among existing administrators. This part-time position was advertised at an hourly wage of $10. Direction of the Adult High School was assigned to the Superintendent of Schools. Appellant on July 23, 1983 requested appointment to the new part-time position which would supervise the Community Enrichment Program. He allegedly received no answer to his request and on September 26, 1983 again demanded the position with a pro-rated salary based upon his former rate. An October 17, 1983 letter was sent to appellant's attorney offering the position at the $10 hourly rate. Exchanges of correspondence until November 1, 1983 attempted to resolve the matter without success. Appellant filed his appeal with the Commissioner on November 9, 1983.

The District Board, unable to fill the part-time Supervisor of the Community Enrichment Program position, authorized the Superintendent to appoint the high school principal to the position at the extra $10 per hour. This appointment was made on October 4, 1983. Appellant was placed on a "preferred eligibility list" entitling him to his former position should it be reinstated.

Appellant's case was assigned to an Administrative Law Judge. The judge denied the District Board's motion to dismiss appellant's petition as time barred under *N.J.A.C.* 6:24–1.2, which provides:

(a) To initiate a contested case for the commissioner's determination of a controversy or dispute arising under the school laws, a petitioner shall serve a copy of a petition upon each respondent. The petitioner then shall file proof of service and the original of the petition with the commissioner....

(b) The petitioner shall file a petition no later than the 90th day from the date of receipt of the notice of a final order, ruling or other action by the district board of education which is the subject of the requested contested case hearing.

In ruling in favor of appellant the Administrative Law Judge stated:

[I]t would appear that what Mr. Polaha did, instead of filing immediately a petition with the Commissioner of Education, was to initiate a dissertation with the Board's representatives to see if the matter could not be resolved.

There was, according to the stipulation of facts, an attempt to resolve and an exchange of letters and apparently a determination on the part of the Petitioner that there would not be a resolution of this matter, which was sometime presumably around October of 1983, and thereafter, the petition in this matter was filed with the Commissioner....

. . . .

In this matter, in all equity, I think that the Petitioner had a right to try to resolve the matter prior to inititating a formal action before the Commissioner, while apparently the negotiations on that attempt to resolve it, continued apparently through some time in October, which meant that the 90–day provision was not violated by the filing of a petition in November.

. . . .

Most certainly in this case, the discovery within the concept of the *Meyer* case, did occur on July 14th. However, I am giving credit for the fact that there was an on-going discussion and my feeling is that the Petitioner logically concluded that there was not a formal rejection or refusal to honor his tenure-seniority rights until sometime in October.

In turning to the merits the judge concluded that the District Board did not have a "Director of the Adult High School" and that the abolition of the position of Community Education Director did not violate his seniority rights. In the judge's opinion appellant was entitled to the new part-time position only under the terms stated by the District Board.

The Commissioner, however, found that appellant's position was not abolished but rather was bifurcated by the Board with

the Community Education portion being designated as a part-time position and reduced to one requiring teacher certification only, while the Adult Education position was simply transferred to the Superintendent. The Commissioner held that since the position continued to exist on a full-time basis despite its purported abolishment that there was a violation of petitioner's tenure rights. The Commissioner further commented that petitioner was also correct that if he was assigned to the part-time Community Education position as a result of a bona fide reduction in force he would have been entitled to a "proration" of his full-time salary. The Commissioner adjudged that the appellant should be awarded his pro-rated salary for the Community Education portion of the position from September 1983 to the present, but that relief for the Adult Education portion could be granted only prospectively because of laches.

The Commissioner concluded that the 90 day requirement of *N.J.A.C.* 6:24–1.2 did not bar appellant's petition "because a statutory right with respect to tenure is involved," citing *North Plainfield Education Ass'n v. Bd. of Educ.*, 96 *N.J.* 587 (1984).

The State Board of Education did not consider the tenure issue on its merits as it disagreed with the Commissioner and held that appellant's claim was time barred. The Board declared:

> That a right derived from statute is involved does not excuse compliance with the 90 day requirement where the right is functionally related to service as a teacher. *North Plainfield Education Ass'n v. Bd. of Ed. of the Borough of North Plainfield*, 96 *N.J.* 587 (1984). Thus, contrary to the Commissioner's determination, where, as here, abridgement of tenure or seniority rights is asserted, the petition must be filed in accordance with the requirements of *N.J.A.C.* 6:24–1.2.

The State Board also observed:

> Although *N.J.A.C.* 6:24–1.19 confers on the Commissioner the authority to relax the 90 day rule, such authority is invoked only where there are compelling reasons justifying relaxation or where circumstances are such that strict adherence would be inappropriate, unnecessary or where injustice would occur.

The Board went on to state:

> [W]e emphasize that no indication is present in this case of circumstances warranting relaxation under *N.J.A.C.* 6:24–1.19. Therefore, we conclude that Mr. Polaha's claim is time-barred.

■ We concur with the State Board's conclusion that *N.J. A.C.* 6:24–1.2 is applicable to appellant's claim notwithstanding the assertion of his statutory right to tenure under *N.J.S.A.* 18A:28–5.

The only reported case which found a benefit to constitute a "statutory entitlement" so as to be unaffected by the statute of limitations is *Lavin v. Hackensack Bd. of Ed.,* 90 *N.J.* 145 (1982). The *Lavin* Court found that *N.J.S.A.* 18A:29–11, which allows credit to teachers for time in active military service in time of war, is an emolument which bears no relationship to the service to be rendered as a teacher and therefore concluded that the contract statute of limitations should not be applied. 90 *N.J.* at 150–151. The Court held that "[w]here the benefit is not directly related to the employment service, but is being awarded for a totally unrelated reason, the recipient is truly the beneficiary of a statutory entitlement quite apart from the employment as such." *Id.* at 150. The Court did, however, circumscribe the teacher's claim for back wages upon its finding of laches. *Id.* at 151–155.

The Supreme Court in *North Plainfield Educ. Ass'n v. Bd. of Educ.,* 96 *N.J.* 587 (1984) considered the statutory entitlement concept to determine whether the 90 day limitation would bar a teacher's statutory claim to credit on the salary scale for time spent on sabbatical under *N.J.S.A.* 18A:29–8. The Court in comparing the *Lavin* holding noted that salary increments accruing under *N.J.S.A.* 18A:29–11 are distinctly different from those awarded under *N.J.S.A.* 18A:29–8 in that the former accrue because of time spent in military service without regard to performance as a teacher, whereas the latter are subject to annual evaluation of teacher performance. 96 *N.J.* at 594. The Court held:

> Because the award of the annual increment is not a matter of statutory right, but is subject to "denial for inefficiency or other good cause," *N.J.S.A.* 18A:29–14, it is subject to the time bar provided in the regulation issued by the Commissioner pursuant to that statute. [*Ibid.*]

We find this case to be similar to *North Plainfield* and distinguishable from *Lavin.* The statute under which appellant

seeks relief, *N.J.S.A.* 18A:28–5, confers "tenure during good behavior and efficiency" and provides that teaching staff members holding tenure "shall not be dismissed or reduced in compensation except for inefficiency, incapacity, or conduct unbecoming such a teaching staff member or other just cause and then only in the manner prescribed...." Tenure is conferred by employment for three consecutive years or such shorter period as may be fixed by the employing Board. The rehiring decision necessary to confer tenure is undoubtedly carried out based on evaluation of teacher performance, behavior and efficiency. We hold that *N.J.A.C.* 6:24–1.2 is applicable to appellant's claim which arises out of an alleged violation of his statutory tenure rights.

■ *N.J.A.C.* 6:24–1.19, pertaining to the Commissioner's discretion, provided as follows at the time the present controversy was before the Commissioner and the State Board:

> The rules herein contained shall be considered general rules of practice to govern, expedite and effectuate the procedure before, and the actions of, the commissioner in connection with the hearing and determination of controversies and disputes under the school laws. They may be relaxed or dispensed with by the commissioner, in his discretion, in any case where a strict adherence thereto may be deemed inappropriate or unnecessary or may result in injustice.

Although this rule was amended effective May 5, 1986 so as to delete from its provisions the words "hearing and,"[1] we find it unnecessary to decide what effect the amendment may have on the authority of the Commissioner to extend the time provisions of the 90 day rule in this case as there does not appear to be any intent to have the amendment apply retroactively. Our review of the record reflects that the Commissioner, having decided this was a case of statutory entitlement, did not consider his authority to relax the 90 day rule and made no determination or findings with respect to the applicability of *N.J.A.C.* 6:24–1.19.

---

[1]The amended rule is now designated as *N.J.A.C.* 6:24–1.17.

We disagree most emphatically with the State Board's determination that "no indication is present in this case of circumstances warranting relaxation." On the contrary, as pointed out by the Administrative Law Judge, because of the negotiations between Polaha and the Board to try to agree on an acceptable position this may be an appropriate case for the exercising of authority under *N.J.A.C.* 6:24–1.19 to relax the 90 day rule.

We reverse and remand to the Commissioner.