272 N.J. Super. 373 (1994)
640 A.2d 293
BLOSSOM S. NISSMAN, PETITIONER-RESPONDENT/APPELLANT,
v.
BOARD OF EDUCATION OF THE TOWNSHIP OF LONG BEACH ISLAND, OCEAN COUNTY, RESPONDENT-APPELLANT/RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1994.
Decided March 14, 1994.
*374 Before Judges BRODY, STERN and KEEFE.
Margaret C. Murphy argued the cause for appellant.
Howard M. Newman argued the cause for respondent, Long Beach Island Board of Education (Kalac, Newman, Lavender & Campbell, attorneys).
Deborah T. Poritz, Attorney General, attorney for State Board of Education (David Earle Powers, Deputy Attorney General, on the Statement in lieu of brief).
The opinion of the court was delivered by KEEFE, J.A.D.
Petitioner Blossom S. Nissman appeals from a final decision of the State Board of Education (State Board) dismissing her claim against respondent Board of Education of the Township of Long Beach Island (Local Board) as time barred under N.J.A.C. 6:24-1.2. We affirm.
The facts are not in dispute. On August 10, 1987, petitioner entered into a contract with the Local Board to serve as an elementary school principal. The contract was for a three year term commencing on September 1, 1987 and ending on August 31, 1990. Petitioner held a valid and appropriate certificate from the State Board authorizing her to hold the position of elementary school principal.
*375 In March and April 1990, the last year of petitioner's contract, various meetings were held by the Local Board with petitioner and her attorney for the purpose of considering whether petitioner would be offered a new contract for the 1990-91 academic year. Petitioner concedes that she was non-tenured in the position of principal at the time. N.J.S.A. 18A:27-10 provides:
On or before April 30 in each year, every board of education in this State shall give to each non-tenure teaching staff member continuously employed by it since the preceding September 30 either
a. A written offer of a contract for employment for the next succeeding year providing for at least the same terms and conditions of employment but with such increases in salary as may be required by law or policies of the board of education, or
b. A written notice that such employment will not be offered.
In compliance with the foregoing statute, the Local Board adopted the following resolution on April 23, 1990:
RESOLVE that the employment contract of Dr. Blossom Nissman expiring August 31, 1990 not be renewed and she not be offered a new contract or granted tenure.
Petitioner received the resolution on or about April 27, 1990 and continued to work in her position as principal up to and including August 31, 1990, the last day of her contract. On that date, petitioner's counsel telefaxed the following correspondence to the Local Board:
I represent [petitioner] who has served in the position of principal in the Long Beach Island School District from September 1, 1987 to August 31, 1990. Since [petitioner] has served in the position for three consecutive calendar years, she has acquired tenure, pursuant to N.J.S.A. 18A:28-5(a). Be advised that [petitioner] asserts her right to the position of principal and to all the benefits and emoluments that attach thereto. She will report to the principal's office on Tuesday, September 4, 1990 to resume her duties.
On the same date, the Local Board's counsel faxed the following response to petitioner's counsel:
Receipt is acknowledged of a copy of your letter of August 31, 1990. The position of the [Local Board] is that [petitioner] does not have tenure in the District. The Board took formal action at its meeting on April 23, 1990 to terminate her contract of employment. She was duly notified of this action and the Board's intention not to extend her employment or grant her tenure. [Petitioner's] employment has been terminated and she should not report to work on Tuesday, September 4, 1990 or thereafter.
*376 On September 21, 1990, petitioner filed a petition with the Commissioner of Education, contending that she had acquired tenure rights on August 31, 1990 and, notwithstanding those rights, her employment was terminated on September 4, 1990. The matter was referred to the Office of Administrative Law as a contested case hearing.
Before the ALJ, the Local Board argued that the 90-day limitations provision of N.J.A.C. 6:24-1.2(c) barred petitioner's claim because final Local Board action was taken on April 23, 1990 by way of the foregoing resolution, and petitioner failed to file within 90 days of that date. The Local Board maintained that its letter of August 31, 1990 was not new action initiating the 90 day period, but only a restatement of its April resolution.
Petitioner, on the other hand, argued that her cause of action was grounded in the fact she acquired tenure as a matter of law on August 31, 1990. Petitioner maintained that the Local Board's correspondence of August 31st constituted "action" on the part of the Local Board in an effort to deny her tenure rights, and, therefore, her petition was timely because it was filed within 90 days of August 31st.
Citing Lavin v. Hackensack Bd. of Educ., 90 N.J. 145, 447 A.2d 516 (1982), the ALJ opined that N.J.A.C. 6:24-1.2(c), because it is an administrative enactment, cannot thwart a legislative design. Reasoning that tenure acquisition is a creature of statute, the ALJ determined that it "cannot be cut short by a rule of repose." The ALJ concluded that tenure status was achieved because petitioner met all of the requirements of N.J.S.A. 18A:28-5, and, sua sponte, ordered that petitioner be reinstated and reimbursed for any salary she may have lost.
The Commissioner affirmed substantially for the reasons expressed in the ALJ's decision. The Commissioner, however, added the following:
[B]y having failed to terminate the contract before the completion of three calendar years, the tenure statute applied by self-effectuation by petitioner's having worked from September 1, 1987 through August 31, 1991 [sic]. Having a *377 termination date of August 31, 1991 [sic], thus made the Board vulnerable to a claim of tenure acquisition after that date. As such, the subject of the instant appeal before the Commissioner is one challenging the Board's failure to recognize tenure acquisition, not one of nonrenewal. (emphasis in original).
[P]etitioner's claim is not time-barred because she challenges the Board's denial of her tenured status, as evidenced by its directive that she not report to work after September 1, 1991 [sic].
The State Board reversed the decision of the Commissioner, opining that "this matter leaves no question but that the 90-day rule controls any and all relief to which Petitioner may be entitled." The State Board supported its decision by citing Polaha v. Buena Regional School Dist., 212 N.J. Super. 628, 515 A.2d 1271 (App.Div. 1986), for the proposition that N.J.A.C. 6:24-1.2 was applicable to the claim at issue notwithstanding petitioner's assertion of her statutory right to tenure under N.J.S.A. 18A:28-5. The State Board said:
Hence, the ALJ erred in concluding that tenure acquisition "... is a creature of statute and cannot be cut short by a rule of repose," ... and the Commissioner erred in adopting that conclusion.
The State Board concluded that there was only one action taken by the Local Board in this case, namely, the termination of petitioner's employment by resolution adopted on April 23, 1990. As for the August 31, 1990 correspondence from the Local Board's counsel, the State Board observed:
The fact that her termination became effective on August 31 does not change the date on which the action was taken. Board Counsel's response to Petitioner's FAX of August 31 merely restated the April 23 action. It did not constitute Board action or give rise to a separate cause of action.
Petitioner's argument on appeal is that she acquired tenure by operation of law on August 31, 1990 because she fulfilled the express requirements of the Tenure Act, N.J.S.A. 18A:28-1 et seq. She maintains that the Local Board's intent not to grant her tenure is not dispositive because the requirements of the Act were fulfilled. Petitioner concedes that had the Local Board dismissed her at any time prior to August 31, 1990, she would not have acquired tenure, and the Local Board's only obligation would have been to pay her for breach of contract. However, because the *378 Local Board allowed her to work up to and including August 31st, petitioner asserts that tenure was attained.
Petitioner argues that she is not barred from challenging what she considers the Local Board action of August 31, 1990. In sum, petitioner's position is as follows:
Petitioner's right to tenure in her position having ripened, the Board's restatement of its earlier decision not to renew her contract without terminating her while she was nontenured, became an attempt to bar a now-tenured employee from her position.
Petitioner points out that her position is not that the 90-day rule of repose is inapplicable because she has a statutory right to tenure. (Petitioner, thus, also rejects the ALJ's rationale). Rather, she maintains that the 90 days began to run on August 31, 1990, not April 24, 1990, because August 31st was the date on which she became tenured, and that was the date on which the Local Board acted to deprive her of that right.
Conversely, the Local Board maintains that it took but one action in this case, namely, the resolution of April 23, 1990 which stated that petitioner would not be given the opportunity to become a tenured employee, and that the letter of August 31, 1990 was nothing more than a reiteration of that earlier resolution. Moreover, the Local Board asserts that it was within its power to allow petitioner to work through the end of her contract (N.J.S.A. 18A:27-9), and that it should not be required to breach its contract or "bar the door" after it has communicated to an employee that the employee will not be allowed to achieve tenure. The Local Board asserts that the goal of the tenure statute is to ensure that teachers are not dismissed for "unfounded, flimsy, or political reasons[,]" Zimmerman v. Newark Bd. of Educ., 38 N.J. 65, 71, 183 A.2d 25 (1962), cert. denied, 371 U.S. 956, 83 S.Ct. 508, 9 L.Ed.2d 502 (1963), and that the Board in this case provided notice and afforded petitioner an opportunity to be heard in compliance with the statutes and regulations before denying petitioner reemployment and tenure.
Our standard of review in this matter is circumscribed:

*379 "The State Board has the general duty to supervise and control public education in New Jersey." ... To that end, the "ultimate administrative decision maker in school matters is the State Board." ... In fact, any party aggrieved by a determination of the Commissioner may appeal as of right to the State Board, which may make its own findings of fact and conclusions of law.... Thus, the State Board's interpretation of school laws is entitled to considerable weight, particularly where the determination is not inconsistent with the statute and promotes its purpose and intent....
[Probst v. Haddonfield Bd. of Educ., 127 N.J. 518, 529, 606 A.2d 345 (1992) (citations omitted).]
N.J.A.C. 6:24-1.2(c) provides:
The petitioner shall file a petition no later than the 90th day from the date of receipt of the notice of a final order, ruling or other action by the District Board of Education, ... which is the subject of the requested contested case hearing.
The State Board's finding that the only and final action taken by the Local Board was its resolution of April 23, 1990, and that its letter of August 31, 1990 "merely restated the April 23rd action" is not an arbitrary or unreasonable interpretation of the record. Upon receipt of the Local Board's resolution, petitioner knew or should have known that she was not going to be offered a new contract for the following academic year; that she was going to be required to serve out the remaining time on her existing contract; that she would complete three full years of service in the district thereby granting her tenure rights under N.J.S.A. 18A:28-5; and, notwithstanding that fact, the Local Board had voted not to grant her tenure.
The issue presented by the Local Board's resolution was this: can the Local Board, upon notifying a non-tenured teaching staff member of its intention not to offer a new contract or grant tenure (N.J.S.A. 18A:27-10), require that person to perform his/her duties under the contract until its expiration, pursuant to the option granted the Local Board by N.J.S.A. 18A:27-9, without incurring the tenure implications of such service under N.J.S.A. 18A:28-5? The State Board's conclusion that the Local Board's resolution formulated a sufficient controversy to make it "the subject of [a] requested contested case hearing" within the meaning of N.J.A.C. 6:24-1.2(c) is not contrary to legislative policy or *380 existing law. As our Supreme Court noted in Kaprow v. Berkeley Tp. Bd. of Educ., 131 N.J. 572, 622 A.2d 237 (1993):
[T]he limitation period gives school districts the security of knowing that administrative decisions regarding the operation of the school cannot be challenged after ninety days. Moreover, because local school boards operate on a cash basis, claims must be filed promptly so that the local board can anticipate any back-pay requirements.
[Id. at 582, 622 A.2d 237.]
In our view the State Board interpreted N.J.A.C. 6:24-1.2(c) with the foregoing principle in mind. It is not necessary for the purpose of this discussion to decide whether the Local Board acted correctly when it passed its resolution of April 23, 1990. What is important is that the Local Board had the right to know within 90 days whether its action was going to be challenged. Undoubtedly, the Local Board had to secure and contract with another elementary school principal to take petitioner's place. Clearly, such actions require the commitment of limited school funds. We infer from the Legislature's selection of April 30th in N.J.S.A. 18A:27-10 that it believed local board action on or before that date provided sufficient time for a local board to fill vacant positions, and for the terminated teaching staff member to secure other employment. To allow a teaching staff member, such as petitioner, to file a claim after the commencement of a new academic year in these circumstances defeats the principle of "repose, an essential element in the proper and efficient administration of the school laws." Kaprow, supra, 131 N.J. at 582, 622 A.2d 237.
Petitioner's argument that her claim could not have been filed earlier because she did not acquire tenure until August 31, 1990 (the final day of her contract) begs the question. If we were to accept petitioner's argument, we would have to decide the merits of the issue before deciding the limitations question. That is, we would have to decide that petitioner in fact obtained tenure on August 31, 1990, notwithstanding the Local Board's action on April 23, 1990. However, that is the very issue that the Local Board's resolution created when it was passed. The argument lacks merit *381 not only because it requires the substantive issue to be decided before the procedural issue, but also because it ignores the Rule's provision that the 90 days begin on the date on which the final action of the Local Board took place, April 23, 1990, not the date on which petitioner claims that a substantive right accrued. N.J.A.C. 6:24-1.2(c).
An agency regulation that focuses on the date of the employer's wrongful act as the accrual date for a cause of action, rather than the date on which the consequences of the act is directly felt by the employee (termination), is not inherently arbitrary or capricious. See Chardon v. Fernandez, 454 U.S. 6, 8 102 S.Ct. 28, 29, 70 L.Ed.2d 6, 9 (1981), rehearing denied, 454 U.S. 1166, 102 S.Ct. 1042, 71 L.Ed.2d 322 (1982) (Where nontenured administrator was notified by letter on or before June 18, 1977 that he would be terminated at a specified date between June 30 and August 8, 1977 his cause of action accrued on the date he received the letter, not the date on which his appointment ended.); Delaware State College v. Ricks, 449 U.S. 250, 259-61, 101 S.Ct. 498, 504-06, 66 L.Ed.2d 431, 440-42 (1980) (Cause of action accrued on the date Ricks was advised that he would be denied tenure rather than on the date when his employment terminated.)
As pointed out by the State Board in its decision, the last date on which petitioner could have filed her claim challenging the April 23, 1990 resolution was July 23, 1990. Although petitioner had not yet completed three years of service by that time, she nonetheless could have presented the same substantive argument then as she did on September 21, 1990 when she filed the current petition. That is to say, plaintiff could have argued that she was required by contract, and by the Local Board's resolution, to serve three complete years as principal. As such, she could argue that such service would entitle her to tenure by reason of N.J.S.A. 18A:28-5, and nothing the Local Board could do would interfere with the vesting of those rights.
Petitioner's litigation posture can be analogized to a party faced with an anticipatory breach by the other party to the contract. *382 Where the breaching party evidences an intent not to fulfill the contract, the opposite party may bring suit immediately without waiting for the date set for performance. Miller & Sons Bakery Co. v. Selikowitz, 8 N.J. Super. 118, 122, 73 A.2d 607 (App.Div. 1950).
Petitioner may have elected not to file a petition prior to August 31, 1990 for tactical reasons. However, the Local Board was entitled to know within 90 days of its action whether its interpretation of the inter-relationship of N.J.S.A. 18A:27-10, N.J.S.A. 18A:27-9 and N.J.S.A. 18A:28-5 was going to be challenged. If a challenge was timely made, the Local Board could have decided whether it was within its financial best interest to terminate petitioner one day before the completion of her third year of service and pay damages for the remaining day, as petitioner concedes could have been done, or maintain the position it took in its April 23rd resolution. Petitioner's actions in this case deprived the Local Board of making a relevant decision affecting efficient administration and sound financial planning, and deprived the Local Board of the "security" that the 90-day rule of limitations and N.J.S.A. 18A:27-10 was designed to effect.
The final decision of the State Board of Education determining that petitioner's claim was time barred is affirmed.
STERN, J.A.D. (concurring).
The majority holds that petitioner had to assert her claim for tenure by filing her petition before she claimed to have tenure. Because she did not assert any right to tenure under N.J.S.A. 18A:28-5(a) until August 31, 1990, upon the completion of "three consecutive calendar years" of service, I would prefer not to hold that petitioner's tenure claim was time barred under N.J.A.C. 6:24-1.2(c). However, my view of the procedural question does not require us to reverse the order of the State Board or remand for a determination on the merits of petitioner's present challenge to the action of the Local Board. Rather, I would hold, as a matter of law based on the legislative policy developed so well by *383 the majority, that by virtue of N.J.S.A. 18A:27-10 (and N.J.S.A. 18A:27-9), the adoption and service of the Local Board's resolution before April 30, 1990 had the effect of preventing the acquisition of tenure which would have otherwise been obtained pursuant to N.J.S.A. 18A:28-5(a) on the last day of the three year contract period.[1]
The majority points out that had the petition been filed within 90 days of April 23, 1990, the Local Board could have terminated petitioner's contract on or before August 30, 1990, and petitioner acknowledges before us that she would not have acquired tenure if her contract were terminated one day before the end of the three year period. I would conclude that the resolution achieved that result, albeit with an acknowledgement of petitioner's right to payment for the entire contract period. See N.J.S.A. 18A:27-9. In essence, I believe that the legislative policy enunciated by the majority, as embodied in the statutory scheme as a whole, requires us to hold that the adoption and service of the April 23, 1990 resolution by the Local Board had the effect of preventing the acquisition of tenure at the end of the three year contract period.
NOTES
[1] While the State Board's determination was "based solely on Petitioner's failure to timely file," its opinion also noted "that we are unaware of any authority that would have required the [local] Board to breach its contract with Petitioner in order to preclude her from acquiring tenure acquisition."