701 A.2d 459

IN THE MATTER OF EDISON TOWNSHIP BOARD OF EDU-
CATION, MIDDLESEX COUNTY, PETITIONER–APPELLANT,
v. EDISON TOWNSHIP PRINCIPALS AND SUPERVISORS AS-
SOCIATION, RESPONDENT–APPELLEE.

Superior Court of New Jersey
Appellate Division

Argued September 10, 1997—Decided September 30, 1997.

D'Annunzio, J., filed concurring opinion.

Before Judges SHEBELL, D'ANNUNZIO and COBURN.

*Viola S. Lordi* argued the cause for petitioner-appellant (*Wilentz, Goldman & Spitzer*, attorneys; *Ms. Lordi*, of counsel; *Ms. Lordi* and *Lori A. Scattaglia*, on the brief).

*Wayne J. Oppito* argued the cause for respondent-appellee.

*Robert E. Anderson*, General Counsel, argued the cause for Public Employment Relations Commission.

*Donna M. Kaye* argued the cause amicus curiae for New Jersey School Boards Association.

The opinion of the court was delivered by

SHEBELL, P.J.A.D.

This is an appeal from the denial by the New Jersey Public Employment Relations Commission (PERC) of the petition of appellant, Edison Township Board of Education (Board) to restrain arbitration of a grievance brought by the Edison Township Principals And Supervisors Association (Association) on behalf of Joseph Krajkovich, a former Principal of the Lincoln Elementary School in Edison Township. We affirm.

By letter dated May 4, 1995, the Board advised Krajkovich that during its meeting of May 8, 1995, it would act upon the recommendation of the Superintendent to withhold the Principal's salary increment for the 1995–1996 school year. At that meeting, the Board adopted a resolution to withhold the increment. By letter dated May 9, 1995, Krajkovich was advised of the Board's action. On May 23, 1995, the Association submitted a grievance as to the withholding of Krajkovich's increment, which the Board denied on June 8, 1995.

On June 21, 1995, the Association filed a demand to arbitrate the grievance with the American Arbitration Association pursuant to the "Agreement" between the Board and the Association in effect for the period from July 1, 1993, through June 30, 1996. The Association stated that the nature of the dispute was a "[d]isciplinary increment withhold for Joseph Krajkovich for the 1995–1996 school year." An arbitration hearing was scheduled for May 22, 1996. The arbitration was adjourned pending the determination of a scope petition filed by the Board with PERC. PERC denied the petition by decision dated October 31, 1996, and the Board appealed.

The facts appearing in the record indicate that Krajkovich was employed in the Edison Township School District for thirty-one years. During the Fall of 1994, while serving as an elementary school Principal, he was sporadically absent from work. During the Winter, he requested a paid leave of absence for medical reasons. On January 23, 1995, the Board approved his request and permitted him to take medical leave with pay for the period

from January 23, 1995 through February 27, 1995. Thereafter, and until his retirement on March 1, 1996, the Board repeatedly approved requests for extensions of his sick leave with pay. The legitimacy of his sickness was not questioned.

The Board's notice to the Principal that it was going to act on the Superintendent's recommendation set forth the following reasons for withholding the 1995–1996 increment:

Intermittent and long-term absences resulting in disruption to the school environment and requiring the expense of substitute personnel.

Its letter dated May 9, 1995, advising the Principal of the Board's action, stated:

Your excessive absences, assuming same to be justified by medical necessity, have nonetheless precluded you from contributing to the educational process and have deprived the Board of a quality and consistency of performance warranting the award of a salary increment/adjustment for the upcoming school year.

The "Agreement" between the Board and the Association provides in Article IV section B(2):

Withholding of increments shall be accomplished in accordance with provisions of [*N.J.S.A.*] 18A:29–14.

*N.J.S.A.* 18A:29–14 provides:

Any board of education may withhold, *for inefficiency or other good cause,* the employment increment, or the adjustment increment, or both, of any member in any year by a recorded roll call majority vote of the full membership of the board of education.

[Emphasis added.]

Article III of the "Agreement" outlines the "Grievance Procedure" to be used when a dispute arises between the Board and the Association or an employee covered by the "Agreement." It provides for arbitration of the grievance by the American Arbitration Association.

PERC's decision notes that its jurisdiction is limited to determining the appropriate forum for resolving a withholding of increment dispute, rather than whether the withholding was with or without just cause. *N.J.S.A.* 34:13A–27(a). PERC further recites that appeals concerning increment withholdings from staff members for predominantly disciplinary reasons are subject to arbitration under *N.J.S.A.* 34:13A–26, but that where PERC de-

termines that the reason for the increment withholding relates predominantly to an evaluation of a staff member's performance, the appeal is to the Commissioner of Education. *N.J.S.A.* 34:13A–27(d).

Disputes over whether the reason for withholding is predominantly disciplinary or evaluative, are determined by PERC. *N.J.S.A.* 34:13A–27(a). Here, PERC, without further analysis, concluded that the withholding, having been based on excessive absenteeism, was predominantly disciplinary in nature and, therefore, not related predominantly to performance. PERC's conclusion that the Board's action was predominantly disciplinary appears to be premised on a finding that the withholding was not evaluative. In any event, we agree that arbitration is the proper vehicle for review in these circumstances.

*N.J.S.A.* 34:13A–5.2, which established PERC, grants to it the authority to "make policy and establish rules and regulations concerning employer-employee relations in public employment relating to dispute settlement, grievance procedures and administration." More particularly, as noted, under *N.J.S.A.* 34:13A–27(a), PERC has the authority to determine whether the withholding is predominantly disciplinary.

■  Our Supreme Court has stressed the standard of review concerning administrative agencies, stating:

In light of the executive function of administrative agencies, judicial capacity to review administrative actions is severely limited. *Gloucester County Welfare Bd. v. New Jersey Civil Serv. Comm'n*, 93 *N.J.* 384, 390 [461 *A.2d* 575] (1983). Courts can intervene only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or other state policy. Although sometimes phrased in terms of a search for arbitrary or unreasonable action, the judicial role is generally restricted to three inquiries: (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency bases its action; and (3) whether, in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors. *Campbell v. Department of Civil Serv.*, 39 *N.J.* 556, 562 [189 *A.2d* 712] (1963).

. . .

On the question of interpretation, courts normally defer to agency determinations and their enabling act so long as the interpretation is reasonably debatable. *Richard's Auto City v. Director, Div. of Taxation*, 140 *N.J.* 523, 530 [659 *A.*2d 1360] (1995); *G.E. Solid State v. Director, Div. of Taxation*, 132 *N.J.* 298, 306 [625 *A.*2d 468] (1993).

[*In re Musick*, 143 *N.J.* 206, 216–17 [670 *A.*2d 11] (1996).]

In a case involving the scope of negotiations, the standard of review of a PERC decision was characterized as follows:

The role of judicial review [concerning the reasonableness of a *quasi*-Legislative policy decision pursuant to duly-delegated authority] is thoroughly settled. The administrative determination will stand unless it is clearly demonstrated to be arbitrary or capricious.

[*In re Hunterdon County Bd. of Chosen Freeholders*, 116 *N.J.* 322, 329 [561 *A.*2d 597] (1989) (quoting *State v. Professional Ass'n of N.J. Dep't of Ed.*, 64 *N.J.* 231, 258–59 [315 *A.*2d 1] (1974)); *see also Impey v. Board of Ed. of Borough of Shrewsbury*, 142 *N.J.* 388, 397 [662 *A.*2d 960] (1995).]

This court, however, "is not bound by an agency's conclusions of law." *Brambila v. Board of Review*, 124 *N.J.* 425, 437, 591 *A.*2d 605 (1991) (citing *Mayflower Sec. Co. v. Bureau of Sec.*, 64 *N.J.* 85, 93, 312 *A.*2d 497 (1973)); *In re Meadowlands Communications Sys.*, 175 *N.J.Super.* 53, 65, 417 *A.*2d 575 (App.Div.), *certif. denied*, 85 *N.J.* 455, 427 *A.*2d 556 (1980).

The Legislature has provided only one exception to the rule set forth in *N.J.S.A.* 34:13A–26 that increment withholdings of teaching staff members are subject to arbitration. That exception is found in *N.J.S.A.* 34:13A–27(d), which provides that a withholding predominantly related to an evaluation of performance is appealable to the Commissioner of Education. *See Scotch Plains–Fanwood Bd. of Educ. v. Scotch Plains–Fanwood Educ. Ass'n*, 139 *N.J.* 141, 154, 651 *A.*2d 1018 (1995); Assembly Labor Committee, *Statement to L.1989, c. 269* (reprinted at *N.J.S.A.* 34:13A–22); *see also N.J.S.A.* 18A:29–14.

In *Scotch Plains–Fanwood Board of Education, supra*, our Supreme Court, in referring to *N.J.S.A.* 34:13A–22 to –29, "scope-of-negotiation amendments," stated:

Those amendments were intended to *expand* "the scope of negotiations for public school employees in matters relating to extracurricular activities and discipline,

*including increment withholding."* Assembly Labor Committee, *Statement to L.1989, c. 269* (reprinted at *N.J.S.A.* 34A:13A–22). Through those amendments, "all discipline, including reprimands, may be appealed through the locally negotiated grievance procedures which must provide for binding arbitration as the final step in the procedure." *Ibid.* However, "[t]he withholding of a teaching staff member's increment based on *actual teaching performance* would still be appealable to the Commissioner of Education." *Ibid.* If a dispute occurs over the proper characterization of an increment withholding, PERC "determine[s] whether the basis for the ... withholding is predomina[ntly] disciplinary." *N.J.S.A.* 34:13A–27a.

[*Scotch Plains–Fanwood Bd. of Educ., supra,* 139 *N.J.* at 154 [651 *A.*2d 1018] (emphasis added).]

▉ Thus, in all withholding of increment appeals, except those deemed by PERC to be predominantly based on an evaluation of performance, an arbitrator is to consider the appropriateness of the withholding. *See Scotch Plains–Fanwood Bd. of Educ., supra,* 139 *N.J.* at 155–56, 651 *A.*2d 1018 (summarizing arbitrator's finding that withholding the increment "was arbitrary and without any demonstrated rational basis"). Therefore, in effect, the decision of PERC, although in accord with the statutory language, should not turn on whether the Board action is disciplinary, but whether, in fact, it is predominantly based on an evaluation of performance. *See N.J.S.A.* 34:13A–27(a).

▉ We find no warrant in this case to disturb the tacit agency decision that the withholding *is not related predominantly* to the evaluation of the Principal's performance. We perceive that the Board's action reflects a policy determination that a staff member who has not been able to perform the assigned duties at all, because of valid health reasons, is not entitled to an incremental advance in salary because the Board not only has not had the benefit of the staff member's performance, but has also suffered detriment.

It is not for this court to determine the appropriateness of the Board's policy. It is for our purposes sufficient to recognize that establishment of such a policy is not based on evaluation of performance, and that it therefore is subject to arbitration. We, therefore, conclude that arbitration of the issue, rather than

appeal to the Commissioner, is in harmony with the Legislature's intent that only those matters involving evaluation of the staff member are appealable to the Commissioner. *N.J.S.A.* 34:13A–27(d).

We hasten to point out that generally absence from duties may be considered in the evaluation process. When considering *N.J.S.A.* 18A:29–14, a Board must recognize that

> [t]he decision to withhold an increment—although directly affecting the work and welfare of a teacher—is thus dependent upon an evaluation of the quality of the services which the teacher has rendered. The purpose of the statute is thus to reward only those who have contributed to the educational process thereby encouraging high standards of performance. In determining whether to withhold a salary increment, a local board is therefore making a judgment concerning the quality of the educational system. It is reasonable to assume that an adversely affected teacher will strive to eliminate the causes or bases of "inefficiency." The decision to withhold an increment is therefore a matter of essential managerial prerogative which has been delegated by the Legislature to the Board.
>
> [*Board of Educ. v. Bernards Township Educ. Ass'n,* 79 *N.J.* 311, 321, 399 *A.*2d 620 (1979).]

The Supreme Court has more recently stated:

> We have rejected the notion that *N.J.S.A.* 18A:29–14 provides teachers with a "statutory entitlement unrelated to [their] qualifications, performance or quality of teaching services rendered." *North Plainfield Educ. Ass'n v. Board of Educ.,* 96 *N.J.* 587, 593 [476 *A.*2d 1245] (1984). Instead, the statute provides for an annual evaluation of teacher performance, which both affords teachers economic security and encourages quality in performance. *Ibid.; see also Probst v. Board of Educ.,* 127 *N.J.* 518, 526 [606 *A.*2d 345] (1992) ("Increment withholding is widely used to promote and maintain high standards of professionalism for public-school teachers."). The evaluation of a teacher's performance "is a management prerogative essential to the discharge of the duties of a school board." *North Plainfield Educ. Ass'n, supra,* 96 *N.J.* at 593 [476 *A.*2d 1245].
>
> [*Scotch Plains–Fanwood Bd. of Educ., supra,* 139 *N.J.* at 151, 651 *A.*2d 1018.]

In *Scotch Plains–Fanwood Board of Education, supra,* PERC's determination that the withholding of a teacher's increment based on her absentee record, which had allegedly impaired her performance, was disciplinary was not before the Court. *Id.* at 158, 651 *A.*2d 1018. Therefore, the Court observed:

> [W]e imply no view concerning the merits of PERC's determination that the basis for withholding Horton's increment was predominantly disciplinary. That issue is not before us. We note, however, that if PERC were to have determined that the basis for withholding Horton's increment had been for predominantly

educational reasons, the Appellate Division's conclusion that the Board had demonstrated sufficient cause to withhold the increment would have been sustainable.

[*Ibid.*]

In the present case, the only available facts show the Principal was sporadically absent from school during the Fall of 1994 due to a medically excused illness, that he took a medical leave of absence from January 23 through February 27, 1995, and that the leave was extended until he retired on March 1, 1996. No annual evaluation of his performance as Principal is present in the record as required under Article IX of the "Agreement" and *N.J.A.C.* 6:3–4.3. The obvious reason for failure to evaluate is that there was no performance, as his illness and absence precluded any performance or evaluation. The only documents relating to the reasons behind the Board's withholding of the salary increment are those in the Board's letter notifying the Principal that it was considering withholding his salary increment and its letter stating that it had done so. No actual reports of negative impact on the school or its students have been submitted by the Board.

We do not deem it unreasonable or contrary to Legislative intent for PERC to have concluded that the withholding was not based on an evaluation of the Principal's performance. We agree with PERC's observation that an arbitrator can determine whether the Principal's inability to work warranted withholding his increment. *Cf. N.J.S.A.* 18A:30–2.1(a) & (b) (leave taken pursuant to work related injury constitutes satisfactory service for purposes of increment adjustment). In any event, in the present circumstances, the arbitrator should not be bound by PERC's conclusion that the action was for disciplinary purposes in the ordinary sense of imposing discipline on the Principal. *Cf. Scotch Plains–Fanwood Bd. of Educ., supra,* 139 *N.J.* at 158, 651 *A.*2d 1018 (holding that arbitrator was bound by PERC determination that Board acted for disciplinary reasons where Board failed to appeal that determination). The arbitrator's inquiry should focus on the intent of the parties as it pertains to authorized leave and its effect on increment entitlement when considering the appropriateness of

the policy adopted by the Board in light of the "Agreement" negotiated by the parties and all other relevant factors.

Affirmed.

D'ANNUNZIO, J.A.D., concurring.

This is not a complicated case. The Legislature has determined that in the event an employer withholds an increment "for predominantly disciplinary reasons," disputes regarding the withholding "shall be subject to the grievance procedures established pursuant to law and shall be subject to the provisions of [*N.J.S.A.* 34:13A–29]." *N.J.S.A.* 34:13A–26. Under the statute, the terminal step in such a dispute is binding arbitration. *N.J.S.A.* 34:13A–29. The Legislature also has determined that PERC shall decide whether the withholding of an increment is predominantly disciplinary. *N.J.S.A.* 34:13A–27a.

In the present case, PERC has determined that the withholding of Krajkovich's increment was predominantly disciplinary. As the majority points out, our scope of review is limited to determining whether PERC's decision was arbitrary, capricious or unreasonable. In my opinion, there is evidence in the record to support PERC's determination in this case that the withholding of Krajkovich's increment was predominantly disciplinary. The evidence consists of a May 4, 1995 letter from the Board secretary advising Dr. Krajkovich that the Board was considering withholding his increment for the following reasons:

Intermittent and long-term absences resulting in disruption to the school environment and requiring the expense of substitute personnel.

In my view, that is language of punishment and restitution which supports PERC's determination. Although the Board's final resolution softened the language contained in the May 4 letter, that letter is evidence of the Board's motive. Thus, I concur in the affirmance of PERC's determination.