746 A.2d 507

RANDOLPH TOWNSHIP BOARD OF EDUCATION, PETITIONER–
APPELLANT, v. RANDOLPH EDUCATION ASSOCIATION,
RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 19, 2000—Decided March 1, 2000.

Before Judges D'ANNUNZIO, NEWMAN and FALL.

*Arnold H. Chait* argued the cause for appellant (*Vogel, Chait, Schwartz and Collins,* attorneys; *Aron M. Schwartz,* of counsel; *Mr. Schwartz* and *David H. Soloway,* on the briefs).

*Sheldon H. Pincus* argued the cause for respondent Randolph Education Association (*Bucceri & Pincus,* attorneys; *Linda Ganz Ott,* of counsel and on the brief).

*Robert E. Anderson,* General Counsel, argued the cause for respondent Public Employee Relations Commission (*Mr. Anderson,* on the brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

The issue is whether a Board of Education must arbitrate the withholding of an annual salary increment from a non-teaching employee. This is the second appeal regarding the dispute between appellant, the Randolph Township Board of Education (Board) and respondent, the Randolph Education Association. In the first appeal, we held that the Public Employment Relations Commission (PERC) had the authority to determine whether

withholding of an increment was disciplinary or performance-based. If disciplinary, the withholding is mandatorily arbitrable under *N.J.S.A.* 34:13A–26 and 29a. *Randolph Tp. Bd. of Educ. v. Randolph Educ. Ass'n*, 306 *N.J.Super.* 207, 703 *A.2d* 381 (App.Div. 1997), *certif. denied*, 153 *N.J.* 214, 708 *A.2d* 65 (1998) (*Randolph I*). There, we affirmed a Chancery Division judgment dismissing the Board's complaint to enjoin arbitration and held that jurisdiction was in PERC and not in the Superior Court. *Id.* at 212–14, 703 *A.2d* 381.

Thereafter, PERC determined that all non-teaching staff member withholdings are disciplinary and must be submitted to binding arbitration.[1] The Board appeals, and we reverse and remand.

 The withholding of a teacher's salary increment is a managerial prerogative which was not subject to binding arbitration. *Scotch Plains–Fanwood Bd. of Educ. v. Educ. Ass'n*, 139 *N.J.* 141, 152–53, 651 *A.2d* 1018 (1995); *Board of Educ. of Township of Bernards v. Bernards Township Educ. Ass'n*, 79 *N.J.* 311, 318–21, 399 *A.2d* 620 (1979). A teacher, however, has the right to appeal a withholding to the Commissioner of Education. *N.J.S.A.* 18A:29–14. "In 1982, the Legislature enacted the so-called 'discipline amendment' to *N.J.S.A.* 34:13A–5.3 ... to overrule an Appellate Division decision that 'disciplinary determinations did not fall within the scope of mandatory negotiations and that collective agreements could not, therefore, provide for the submission to binding arbitration of contested disciplinary actions.'" *Scotch Plains–Fanwood*, *supra*, 139 *N.J.* at 153, 651 *A.2d* 1018 (citation omitted).

 The 1982 disciplinary amendment permitted the parties to submit disciplinary determinations to binding arbitration. However, the amendment provided that the procedure "agreed to by the parties may not replace or be inconsistent with any alternate

---

[1] The dispute before PERC involved the Board's withholding of increments from two tenured secretaries. *Randolph I* involved only one of the secretaries.

statutory appeal procedure." Thus, because the withholding of a teacher's increment was appealable to the Commissioner of Education, *N.J.S.A.* 18A:29–14, the 1982 disciplinary amendment did not permit binding arbitration. *Scotch Plains–Fanwood, supra,* 139 *N.J.* at 154, 651 *A.*2d 1018.

In 1990, the Governor signed *L. 1989, c. 269,* the "scope-of-negotiations amendments." *Scotch Plains–Fanwood, supra,* 139 *N.J.* at 154, 651 *A.*2d 1018. They are at the core of this appeal and are codified at *N.J.S.A.* 34:13A–22 to 29. *N.J.S.A.* 34:13A–22 (section 22) is the definitions section. It defines the term "discipline" to exclude "tenure charges … or the withholding of increments pursuant to *N.J.S.A.* 18A:29–14." In *Scotch Plains–Fanwood,* the Court addressed the definition of "discipline," stating:

> We construe that definition of "discipline" to reflect a legislative determination to distinguish the withholding of an increment for disciplinary reasons from an increment-withholding for reasons of teaching performance. Hence, we conclude that the statutory standard governing the withholding of increments based on teaching performance does not apply to the withholding of an increment as a means of discipline. However, *N.J.S.A.* 18A:29–14, and the case law interpreting that provision, remain applicable when "the reason for the increment withholding relates predomina[ntly] to the evaluation of a [teacher's] teaching performance." *N.J.S.A.* 34:13A–27d.
>
> [139 *N.J.* at 155, 651 *A.*2d 1018.]

Section 22 defines the term "employees" to include all employees. "Teaching staff member" is defined to be less inclusive than the term "employee."

*N.J.S.A. 34:13A–26 (section 26)* provides:

> Disputes involving the withholding of an employee's increment by an employer for predominately disciplinary reasons shall be subject to the grievance procedures established pursuant to law and shall be subject to the provisions of [*N.J.S.A.* 34:13A–29].

We note that section 26 applies to the broad term employees, not merely teachers, and recognizes a distinction between a disciplinary withholding and non-disciplinary withholding. *See Scotch–Plains–Fanwood, supra,* 139 *N.J.* at 155, 651 *A.*2d 1018.

*N.J.S.A.* 34:13A–27 (section 27) reinforces the Legislature's recognition of the disciplinary/non-disciplinary distinction. Section 27a provides that PERC shall determine whether the "withholding of an increment of a *teaching staff member* is" predominantly disciplinary. (Emphasis added.) Section 27c provides that if "the basis for an increment withholding is predominately disciplinary, the dispute shall be resolved through the grievance procedures ... and shall be subject to the provisions of [*N.J.S.A.* 34:13A–29]." ,Section 27d, however, provides that if PERC "determines that the reason for the increment withholding relates predominately to the evaluation of a teaching staff member's teaching performance," then the teacher may appeal the withholding to the Commissioner of Education under *N.J.S.A.* 18A:29–14.

Sections 26 and 27 incorporate *N.J.S.A.* 34:13A–29 (section 29). Section 29 provides:

Grievance procedures; binding arbitration as terminal step; burden of proof

a. The grievance procedures that employers covered by this act are required to negotiate pursuant to section 7 of P.L.1968, c. 303 (C. 34:14A–5.3) shall be deemed to require binding arbitration as the terminal step with respect to disputes concerning imposition of reprimands and discipline as that term is defined in this act.

b. In any grievance procedure negotiated pursuant to this act, the burden of proof shall be on the employer covered by this act seeking to impose discipline as that term is defined in this act.

Thus, section 29 affords an "employee" (section 26) and a "teaching staff member" (section 27) the right of arbitration to review a withholding imposed for predominantly disciplinary reasons.

Section 27 only applies to teaching staff. Thus, the statutory scheme provides teachers with an assured mechanism for review by a neutral adjudicator. If PERC determines that a withholding was disciplinary, then section 27c provides for arbitration; if evaluative, the teacher may appeal to the Commissioner of Education. *N.J.S.A.* 18A:29–14.

Section 26 applies to "employees," and is applicable to non-teaching staff. It grants the employee the right to arbitrate

increments withheld for "predominately disciplinary reasons." With regard to non-teaching staff, we conclude the Legislature intended that non-disciplinary withholdings are not subject to mandatory arbitration under section 29. However, a non-disciplinary withholding is subject to the grievance procedures established by agreement between the employee's bargaining representative and the employer.

In the present case, the agreement between the Board and the Randolph Education Association did not provide for the arbitration of increment withholding. This is consistent with the recognition that non-disciplinary withholdings are managerial prerogatives. *See Board of Education of Bernards Tp., supra,* 79 *N.J.* at 321, 399 *A.*2d 620 (holding that an increment withholding "dependent upon an evaluation of the quality of the services which the teacher has rendered" is a "managerial prerogative which has been delegated by the Legislature to the Board.").

The 1990 amendments did not expressly establish the mechanism for determining whether the withholding of an increment from a non-teaching employee was predominantly disciplinary. We held in *Randolph I* that PERC had jurisdiction to make this determination, as it does for teaching staff.

As previously indicated, PERC has decided that *all* increment withholdings from non-teaching employees are disciplinary, regardless of the circumstances. PERC relies on its decision in *East Brunswick Bd. of Educ.,* 10 *N.J.P.E.R.* 426 (¶ 15192 1984), which we affirmed in *East Brunswick Bd. of Educ. v. East Brunswick Educ. Ass'n,* 11 *N.J.P.E.R.* 334 (¶ 16120 App. Div. 1985), *certif. denied,* 101 *N.J.* 280, 501 *A.*2d 944 (1985). There, PERC determined that as a result of the 1982 discipline amendments, *N.J.S.A.* 34:13A–5.3 permits the arbitration of the withholding of an increment from a non-teaching employee. Based on the discipline amendments and its legislative history, PERC concluded that the Legislature viewed increment withholding as an act of discipline.

PERC's reliance on *East Brunswick* is flawed. In affirming, we noted that East Brunswick's collective bargaining agreement did not by its terms exclude increment withholding from arbitration, unlike the present case. More importantly, *East Brunswick* was decided in 1984 before the Legislature adopted the 1990 amendments which specifically address increment withholding.

PERC brushes aside the Legislature's determination in section 26 that only withholding "for predominately disciplinary reasons" are arbitrable. As previously indicated, section 26 of the 1990 amendments, applicable to "employees," established the distinction between disciplinary and evaluative withholdings. The Legislature repeated its recognition of the distinction in section 27, applicable to teaching staff. In that section, it delegated to PERC the authority to determine, with regard to teaching staff, whether a withholding action was disciplinary or evaluative. In *Randolph I,* we determined that PERC also had that authority with regard to non-teaching employees.

Moreover, if the Legislature intended to require that increment withholdings affecting non-teaching employees be submitted to arbitration in every case, it would have expressed that intent in section 26 instead of creating therein a distinct class of withholdings made "for predominately disciplinary reasons."

PERC expressed two motivating policies for its decision in this language:

Employees who are denied increments are generally singled out from among their peers. They suffer a stiff penalty costing them hundreds or thousands of dollars the first year and thousands of dollars over a career. They lose purchasing power since their salaries are frozen while the cost of living increases. They also lose credit for an additional year of experience.

The Legislature granted teaching staff members a right to appeal withholdings to the Commissioner of Education. The issue in this case is whether the 1990 amendments grant non-teaching staff members a comparable right to neutral review of increment withholdings.

■ Thus, PERC has imposed its view that all withholdings from non-teaching staff are arbitrable, contrary to the Legislature's intent to limit mandatory arbitration to "the withholding of

an employee's increment ... for predominately disciplinary reasons." Section 26. PERC has attempted to achieve its goal through the artificial device of deeming all increment withholdings from non-teaching employees to be predominantly disciplinary. We perceive no legislative authority for PERC's determination.

Reversed and remanded. On remand PERC shall determine whether the withholdings in this case were predominantly evaluative or disciplinary.