```
┌─────────────────────────────────────────────────────────┐
│           NOT FOR PUBLICATION WITHOUT THE                │
│           APPROVAL OF THE APPELLATE DIVISION             │
│                                                          │
│ This opinion shall not "constitute precedent or be       │
│ binding upon any court." Although it is posted on the    │
│ internet, this opinion is binding only on the parties    │
│ in the case and its use in other cases is limited.       │
│ R.1:36-3.                                                │
└─────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4420-14T1

JENNIFER JORDAN,

     Petitioner-Appellant,

v.

BOARD OF EDUCATION OF THE
NORTH HUNTERDON-VOORHEES
REGIONAL HIGH SCHOOL DISTRICT,
HUNTERDON COUNTY, RICHARD BERGACS,
MICHAEL HUGHES, CHARLES SHADDOW
AND PATRICIA RALEIGH,

     Respondents-Respondents.

─────────────────────────────────────────────────────

Argued December 13, 2016 — Decided July 21, 2017

Before Judges Messano, Suter, and Guadagno.

On appeal from the Commissioner of
Education, Docket No. 218-8/14.

John R. Lanza argued the cause for appellant
(Lanza & Lanza, LLP, attorneys; Kenneth W.
Thomas, on the briefs).

Robert M. Tosti argued the cause for
respondents (Purcell, Mulcahy, Hawkins,
Flanagan & Lawless, LLC, attorneys; Rita F.
Barone, on the brief).

Christopher S. Porrino, Attorney General,
attorney for respondent New Jersey

Commissioner of Education (Geoffrey N. Stark, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Plaintiff, Jennifer Jordan, appeals from the May 20, 2015 decision of the Commissioner of Education (Commissioner) adopting the recommendation of an administrative law judge (ALJ), finding that plaintiff's petition challenging the denial of her tenure is procedurally time-barred as it was filed after the ninety-day statute of limitations period set forth in N.J.A.C. 6A:3-1.3(i). We affirm.

## I.

Plaintiff was hired to work as a non-tenured guidance counselor for the North Hunterdon-Voorhees Regional High School (NHHS) in January 2011. Plaintiff was recommended for a permanent position by the Supervisor of Guidance, Patricia Raleigh, and was reappointed for the 2011-2012, 2012-2013, and 2013-2014 school years. Plaintiff became eligible for tenure following the 2013-2014 school year.

On May 8, 2014, plaintiff received a letter from JoAnn F. Keffer, Director of Human Resources for NHHS, informing her that at the meeting of the Board of Education (Board) scheduled for May 13, 2014, the Superintendent of Schools will recommend that the Board not renew plaintiff's employment for the 2014-2015

A-4420-14T1

school year.  The letter further stated that plaintiff's employment would terminate effective June 30, 2014.

On May 13, 2014, plaintiff appeared before the Board with her attorney and presented seven members of the public who spoke in support of her.  Plaintiff and her counsel addressed the Board and requested renewal of her contract.  District Superintendent Charles M. Shaddow provided his rationale for not recommending plaintiff for renewal, and NHHS Principal, Richard Bergacs, also addressed the Board regarding plaintiff's termination.[1]  After Shaddow and Bergacs spoke, the Board approved a personnel agenda that did not include the renewal of plaintiff's employment.

On August 11, 2014, plaintiff filed a petition with the Commissioner alleging the Board violated her "constitutional right to due process; manufactured 'reasons' for the non-renewal of her contract; interfered with her protected property rights attendant to her education, work history and guidance counselor certification; failed to follow their own policy on non-renewal and issued a defective notice of the reasons for non-renewal."

---

[1] These facts were elicited from the minutes of the meeting.  We were not provided with a transcript or summaries of the presentations to the Board.

A-4420-14T1

The matter was transferred to the Office of Administrative Law as a contested case. The Board moved to dismiss plaintiff's complaint as time-barred under N.J.A.C. 6A:3-1.3(i). Plaintiff cross-moved for a finding that the Board's action of failing to renew her employment contract was improper. An ALJ considered briefs by the parties and issued an initial decision on March 2, 2015, recommending that the Commissioner dismiss the petition as time-barred.

The ALJ rejected plaintiff's argument that the May 8, 2014 letter was not a final action within the meaning of N.J.A.C. 6A:3-1.3(i), and recommended the Commissioner grant defendant's motion to dismiss because plaintiff failed to file her petition within ninety days of receiving notice of her termination. The Commissioner adopted the recommended decision of the ALJ, and dismissed plaintiff's petition on May 20, 2015.

On appeal, plaintiff claims the Commissioner's decision constitutes an abuse of discretion and runs contrary to legislative intent. Plaintiff urges us to exercise original jurisdiction and grant her tenure; in the alternative, she seeks a remand of the matter for a hearing.

                                II.

"[We] have 'a limited role' in the review of [agency] decisions." In re Stallworth, 208 N.J. 182, 194 (2011) (quoting

Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). "[A] 'strong presumption of reasonableness attaches to [an agency decision].'" In re Carroll, 339 N.J. Super. 429, 437 (App. Div.) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135 N.J. 306 (1994)), certif. denied, 170 N.J. 85 (2001). "In order to reverse an agency's judgment, [we] must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole.'" Stallworth, supra, 208 N.J. at 194 (quoting Henry, supra, 81 N.J. at 580). The burden of proving that an agency action is arbitrary, capricious, or unreasonable is on the challenger. Bueno v. Bd. of Trs. of the Teachers' Pension and Annuity Fund, 422 N.J. Super. 227, 234 (App. Div. 2011) (citing McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)).

We "may not substitute [our] own judgment for the agency's, even though [we] might have reached a different result." Stallworth, supra, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). Furthermore, "'[i]t is settled that [a]n administrative agency's

interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" <u>E.S v. Div. of Med. Assistance & Health Servs.</u>, 412 <u>N.J. Super.</u> 340, 355 (App. Div. 2010) (quoting <u>Wnuck v. N.J. Div. of Motor Vehicles</u>, 337 <u>N.J. Super.</u> 52, 56 (App. Div. 2001)). "[W]e are not bound by the agency's legal opinions." <u>A.B. v. Div. of Med. Assistance & Health Servs.</u>, 407 <u>N.J. Super.</u> 330, 340 (App. Div.) (quoting <u>Levine v. State, Dep't of Transp.</u>, 338 <u>N.J. Super.</u> 28, 32 (App. Div. 2001)), <u>certif. denied</u>, 200 <u>N.J.</u> 210-11 (2009). "Statutory and regulatory construction is a purely legal issue subject to de novo review." <u>Ibid.</u> (citing <u>Mayflower Sec. Co. v. Bureau of Sec.</u>, 64 <u>N.J.</u> 85, 93 (1973)).

III.

<u>N.J.A.C.</u> 6A:3-1.3 addresses the initiation of a contested case before the Commissioner and provides in pertinent part:

> The petitioner shall file a petition no later than the 90th day <u>from the date of receipt of the notice of a final order, ruling or other action by the district board of education</u>, individual party, or agency, which is the subject of the requested contested case hearing. This rule shall not apply in instances where a specific statute, regulation or court order provides for a period of limitation shorter than 90 days for the filing of a particular type of appeal.
>
> [<u>N.J.A.C.</u> 6A:3-1.3(i) (emphasis added).]

Plaintiff argues that her August 11, 2014 petition was timely filed because the May 8, 2014 letter did not constitute a "final order" and therefore did not trigger the ninety-day filing period. She maintains that the language of the letter suggests that the Superintendent merely _intended_ to recommend non-renewal and "does not . . . tell [plaintiff] that she would not be reemployed, only that the Superintendent would recommend against it on a subsequent date upon which the Board would either accept or reject the recommendation."

In <u>Kaprow v. Board of Education of Berkeley Township</u>, 131 <u>N.J.</u> 572 (1993), our Supreme Court recognized the importance of the ninety-day limitation period to the ability of school districts to set their budgets:

> The limitation period gives school districts the security of knowing that administrative decisions regarding the operation of the school cannot be challenged after ninety days. Moreover, because local school boards operate on a cash basis, claims must be filed promptly so that the local board can anticipate any back-pay requirements.
>
> [<u>Id.</u> at 582.]

<u>N.J.S.A.</u> 18A:27-10 provides:

> On or before May 15 in each year, each nontenured teaching staff member continuously employed by a board of education since the preceding September 30 shall receive either

a. A written offer of a contract for employment from the board of education for the next succeeding year providing for at least the same terms and conditions of employment but with such increases in salary as may be required by law or policies of the board of education, or

b. A written notice from the chief school administrator that such employment will not be offered.

In Nissman v. Board of Education of the Township of Long Beach Island, Ocean County, 272 N.J. Super. 373 (App. Div.), certif. denied, 137 N.J. 315 (1994), we discussed the notice requirements of N.J.S.A. 18A:27-10, and concluded that the test was whether the employee "knew or should have known that [he or] she was not going to be offered a new contract for the following academic year." Id. at 379.

The plain language of the May 8 letter simply does not support plaintiff's interpretation that the letter merely advised her of the possibility that she would not be offered a new contract. The letter clearly qualifies as written notice that plaintiff's employment will be terminated and she will not be offered tenure.

N.J.S.A. 18A:27-4.1(b) regulates the power of a board of education to renew the employment contract of a non-tenured employee. It provides in pertinent part:

> Notwithstanding the provisions of any law, rule or regulation to the contrary,
>
> . . . .
>
> b.   A board of education shall renew the employment contract of a certificated or non-certificated officer or employee only upon the recommendation of the chief school administrator and by a recorded roll call majority vote of the full membership of the board.   The board shall not withhold its approval for arbitrary and capricious reasons. A nontenured officer or employee who is not recommended for renewal by the chief school administrator shall be deemed nonrenewed. Prior to notifying the officer or employee of the nonrenewal, the chief school administrator shall notify the board of the recommendation not to renew the officer's or employee's contract and the reasons for the recommendation. An officer or employee whose employment contract is not renewed shall have the right to a written statement of reasons for nonrenewal . . . and to an informal appearance before the board.   The purpose of the appearance shall be to permit the staff member to convince the members of the board to offer reemployment. The chief school administrator shall notify the officer or employee of the nonrenewal[.]

By its terms, the statute provides, inter alia, that a board may renew an employee's contract "only" if the chief school administrator so recommends, and that it may decline to follow a chief school administrator's recommendation for renewal but may not do so arbitrarily and capriciously. Jackson Tp. Bd. of Educ. v. Jackson Educ. Ass'n ex rel. Scelba, 334 N.J. Super. 162, 168 (App. Div.) (citing N.J.S.A. 18A:27-4.1(b), certif.

denied, 165 N.J. 678 (2000). The May 8 letter clearly informed plaintiff that "the Superintendent will recommend against renewal of your employment" and "your employment will terminate effective June 30, 2014." (emphasis added).

We reject plaintiff's argument that the May 8 notice was deficient because it was not signed by the superintendent. The letter was written on the superintendent's letterhead and was signed by the district's director of human resources. As we have stated, the purpose of the letter was to advise plaintiff that she would not be offered employment for the upcoming term.

We also reject plaintiff's argument that the Board's decision constitutes an abuse of discretion. In response to plaintiff's request for reasons why her employment was not being renewed, Patricia Raleigh provided a memo dated May 7, 2014 providing:

- Four families have demanded a counselor change from Ms. Jordan's caseload this year, which seems to indicate an unusually high level of dissatisfaction in spite of the positive relationships she seems to have with most of her students.

- Absences have been unusually numerous over the past two years, in addition to late arrivals.

- Although the issues which have impacted her performance at North Hunterdon have

> not seemed to rise to a level that would compel intervention or censure, the difficulty with which Ms. Jordan receives any form of criticism has raised concerns with regard to her long-term performance as a counselor in this school.

A school board has "broad discretionary authority in the granting of tenure" and the decision not to grant tenure "need not be grounded on unsatisfactory classroom or professional performance for there are many unrelated but nonetheless equally valid reasons why a board . . . may conclude that tenure should not be granted." Donaldson v. Bd. of Educ. of N. Wildwood, 65 N.J. 236, 241 (1974). "An administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference." In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997). In light of the budgetary implications of late-asserted claims, as explained in Kaprow, supra, we find the Commissioner's interpretation to be reasonable and that plaintiff has failed to demonstrate the Board's action was arbitrary, capricious, or unreasonable in any way.

Finally, plaintiff argues that the Board violated its own Policy 3142, which required that teaching staff members who will not be offered renewal must be notified no later than April 24.

Because of this failure plaintiff argues she was already tenured when she received the letter of non-renewal on May 8, 2014.

While the Board failed to comply with its own policy providing notice of re-employment by April 24, the Board's action remained in compliance with N.J.S.A. 18A:27-10, as plaintiff received notice prior to May 15. In addition, plaintiff failed to meet the statutory requirements for tenure under N.J.S.A. 18A:28-5, which requires teaching staff employees to be employed for three consecutive calendar or school years to acquire tenure. Plaintiff joined NHHS on January 26, 2011, therefore she had neither been employed in the district for three consecutive school years nor three consecutive calendar years when she received the notice of non-renewal on May 8, 2014. As a result, plaintiff cannot assert that she been automatically granted tenure as of April 24, 2014.

Plaintiff's remaining arguments lack sufficient merit to warrant discussion in our opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4420-14T1